# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELVIN C. THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-02307-SPM |
| | ) |
| NORMANDY POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Kelvin C. Thompson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for failure to state a claim and for frivolity.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who has filed a civil action against the Normandy Police Department.[1] He claims that this Court's jurisdiction is derived from Title VI of the Civil Rights

---

[1] The Court notes that plaintiff has filed a total of thirteen cases in July and August of 2019, including the instant action. The cases are: *Thompson v. SS Administrative Office*, No. 4:19-cv-1922-SNLJ (E.D. Mo July 11, 2019.); *Thompson v. Social Security Administration*, No. 4:19-cv-2110-CDP (E.D. Mo. July 19, 2019); *Thompson v. Social Security Administration*, No. 4:19-cv-2115-CDP (E.D. Mo. July 22, 2019); *Thompson v. Federal Bureau of Investigation*, 4:19-cv-2134-SNLJ (E.D. Mo. July 23, 2019); *Thompson v. Creve Coeur Police Department*, 4:19-cv-2138-NCC (E.D. Mo. July 24, 2019); *Thompson v. St. Louis Metropolitan Police*, No. 4:19-cv-2139-SRC (E.D. Mo. July 24, 2019); *Thompson v. Eckles*, No. 4:19-cv-2145-AGF (E.D. Mo. July 25, 2019); *Thompson v. St. Louis*

Act of 1964; Title II of the Americans with Disabilities Act; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245; Title VII of the Civil Rights Act; the Civil Rights Act of 1866; and 34 U.S.C. § 12601. (Docket No. 1 at 3).

In his statement of claim, plaintiff asserts that he has filed civil lawsuits against the St. Louis Metropolitan Police Department, the Creve Coeur Police Department, and "against corrupt FBI agents." (Docket No. 1 at 5). Since then, he alleges that these entities have "extended their harassment, racism, and civil rights violations" by "enlisting the help of St. Louis County [municipalities], including [the] Ferguson Police Department, Cool Valley Police Department, and Normandy Police Department." He asserts that all these departments "have a brutal history" of civil rights violations, police brutality, corruption, and discrimination, especially against African American males.

Plaintiff alleges that these departments utilize both uniformed and "undercover corrupt officers to follow [him] 24/7." He states that they are "wasting millions of dollars [a] day in government resources to follow [him] to Walmart just to see [him] buy a loaf of bread or to Taco Bell [just] to see [him] do a #1 or #2." He accuses these officers of literally "looking under stalls" in the bathroom. He states that this "nonsense" costs millions of dollars a day, and as much as $1.2 billion a year. Meanwhile, plaintiff states, there are thousands of murders that go unsolved, along with hundreds of thousands of other crimes that "are not solved or foiled." He asserts that "law enforcement is wasting taxpayers['] monies watching a middle age 60 year old African American Male take a dump or [buy] a hot dog at the hot dog stand."

---

*Metropolitan Police Department*, No. 4:19-cv-2300-CDP (E.D. Mo. Aug. 5, 2019); *Thompson v. Marcantano*, No. 4:19-cv-2301-CAS (E.D. Mo. Aug. 5, 2019); *Thompson v. Normandy Police Department*, No. 4:19-cv-2307-SPM (E.D. Mo. Aug. 6, 2019); *Thompson v. Ferguson Police Department*, No. 4:19-cv-2308-NAB (E.D. Mo. Aug. 6, 2019); *Thompson v. Cool Valley Police Department*, No. 4:19-cv-2309-JMB (E.D. Mo. Aug. 6, 2019); and *Thompson v. Harrison*, 4:19-cv-2312-HEA (E.D. Mo. Aug. 7, 2019).

Plaintiff has filed a supplement to the complaint in which he substantially restates his Statement of Claim. (Docket No. 4 at 2). He once again asserts that various area police departments are using uniformed and undercover officers to follow him twenty-four hours a day. He accuses these agencies of "spending millions of dollars a day acting like they are buying a watermelon at Aldi's or pickled pig feet from Pete's Market to watch 24/7, harass and violate" his civil rights.

Additionally, plaintiff claims that these law enforcement agencies have "enlisted the services of thugs and criminals" to "harass and disrupt [his] everyday life." These thugs and criminals "do trifling deeds like slash[ing] tires, stealing [his] mail, poisoning food at grocery stores, and intentionally wrecking [his] vehicles trying to kill or lame [him]." He asserts that "all these law enforcement agencies that [he has] a civil suit against are enlisting the help of criminals to break the law."

Plaintiff states that the Ferguson Police Department is the primary source of corruption, discrimination, and civil rights violations. However, the Cool Valley and Normandy Police Departments are also "conspiring together with them and rogue thugs from [Georgia], [the] Carolinas, New York, California, Alabama and Illinois." (Docket No. 4 at 2-3). He claims "these entities have formed an alliance to destroy and violate [his] civil and human rights to live without fear of death." (Docket No. 4 at 3).

According to plaintiff, the "Ferguson Police Department has moved these thugs and operatives next door to" him, in a condemned home. Further, the Ferguson Police Department has allowed and assisted their undercover officers, along with other "operatives and thugs from in and out of state," to become embedded into the community in order to harass and terrorize him. He claims that the Ferguson, Cool Valley, and Normandy Police Departments follow him

everywhere he goes. He states these departments are also assisted by the FBI or FBI impersonators.

Plaintiff states that he has made numerous complaints to the Ferguson Police Department over the last several months. He has also complained by calling 911, after he was "harassed and stalked by Normandy Police."

Plaintiff is seeking $100,000 in actual damages and $1,000,000 in punitive damages to punish defendant and deter future civil rights violations. (Docket No. 1 at 8).

## Discussion

Plaintiff brings this pro se civil action alleging that the Normandy Police Department is part of a multiagency and multistate conspiracy to shadow and surveil him twenty-four hours a day, with the intent of threatening and harassing him. For the reasons discussed below, plaintiff's complaint must be dismissed for failure to state a claim and for frivolity.

### A. Failure to State a Claim

As noted above, in order to state a claim, a plaintiff must demonstrate a plausible claim for relief. *Ashcroft*, 556 U.S. at 679. In reviewing a complaint, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). However, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Moreover, plaintiff's pleading must do more than simply provide labels or recite the elements of a cause of action. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (stating that a "pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief").

Here, plaintiff has failed to state a claim against the Normandy Police Department. Indeed, the focus of the Statement of Claim is the Ferguson Police Department, whom he accuses of hiring thugs and operatives to surveil him. His allegations, such as they are, tend to lump the Normandy Police Department in with several other law enforcement agencies, so it is often unclear, at any given time, to which particular agency or department he is referring. Even when the Normandy Police Department is directly mentioned, it is in a legally conclusory manner. For instance, plaintiff claims that the Normandy Police Department "harassed and stalked him." While harassment and stalking might be causes of action, plaintiff is required to do more than simply recite those actions to state a claim. Plaintiff provides no facts to demonstrate that the Normandy Police Department has violated his civil rights. Moreover, there is nothing in the Statement of Claim to support an action against the Normandy Police Department under Title VI of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 245, Title VII of the Civil Rights Act, the Civil Rights Act of 1866, or 34 U.S.C. § 12601. Therefore, plaintiff's complaint must be dismissed for failure to state a claim.

   **B. Frivolity**

Pursuant to 28 U.S.C. § 1915, a court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such a dismissal encompasses allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

Here, plaintiff's complaint is subject to dismissal for frivolity because the facts are clearly baseless. Plaintiff alleges a broad conspiracy that encompasses not only the Normandy Police Department, but several other municipal police departments, the FBI, and "rogue thugs" from a number of other states. As stated by plaintiff, the whole purpose of this purported conspiracy is to harass and threaten him by following him wherever he goes, twenty-four hours a day, at the cost of millions of dollars. The alleged surveillance is so intensive that plaintiff accuses operatives of checking under stalls when he is using the restroom, and of moving in to a condemned home next to him. This type of pleading is wholly incredible and rises to the level of irrational and delusional. *See Owens-El v. United States*, 2 Fed. Appx. 652, 658 (8th Cir. 2001) (stating that plaintiff's allegations that the United States Parole Commission, the Federal Bureau of Prisons, and the Federal Bureau of Investigation conspired to conceal the fact that plaintiff might be able to have a prior conviction overturned was frivolous and subject to preservice dismissal). Therefore, plaintiff's complaint must be dismissed as frivolous.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel (Docket No. 3). The motion will be denied as moot as plaintiff's complaint is being dismissed for failure to state a claim and for frivolity. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed for failure to state a claim and for frivolity. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of August, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE